# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAN COLLINS, individually and on )
behalf of a class of persons similarly )
situated, )
                                                               )
        Plaintiffs, )
                                                               )     CIVIL ACTION
v. )
                                                               )     Case No. 09-2451-CM
B/E AEROSPACE, INC., )
a Delaware Corporation, )
                                                               )
       Defendant. )
_____ )

## MEMORANDUM AND ORDER

Plaintiff Dan Collins brings this putative class action and collective action against his former employer, defendant B/E Aerospace, Inc. Plaintiff claims that defendant misclassified plaintiff as a salaried, exempt employee, when plaintiff's duties were such that he was a non-exempt employee under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff claims that his misclassification violates both the FLSA and the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-312 *et seq*.

The case is before the court on two motions: Defendant B/E Aerospace, Inc.'s Partial Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. 18) and Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 22). Plaintiff filed his motion to amend in response to defendant's motion to dismiss. Plaintiff contends that his motion to amend, if granted, remedies the deficiencies identified in defendant's motion. Defendant disagrees, and maintains that the court should deny plaintiff's motion to amend as futile. The court first takes up the motion to amend.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court has discretion whether to grant leave to amend, but should not deny leave without reason. *Fed.*

*Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). The court may deny leave when the amendment would cause undue prejudice to the opposing party, when the movant has "unduly and inexplicably delayed" in requesting leave, when the movant acts on a "bad faith or dilatory motive," or when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *State Distribs., Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gothier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Defendant argues that amendment is futile for essentially the same reasons the original complaint is deficient.

### **KWPA Claim**

Defendant asks the court to deny plaintiff leave to amend his KWPA claim because plaintiff's "new claim that his 'straight time wages' were not 'properly calculated' is simply nonsensical." (Doc. 25, at 4.) Defendant asks the court to disallow the amendment on several bases.

First, defendant states that plaintiff's theory that his "straight time wages" were miscalculated is not supported by any explanation. At this stage of the litigation, plaintiff is not required to explain how his "straight time wages" were miscalculated. The proposed amended complaint merely must comply with the pleading standards of Fed. R. Civ. P. 8(a). *See McDonald v. Kellogg Co.*, No. 08-2473-JLW, No. 2009 WL 1125830, at *1–2 (D. Kan. Apr. 27, 2009). Plaintiff has met this standard.

Second, defendant argues that as a matter of law, Kan. Stat. Ann. § 44-314 does not regulate how wages must be calculated. But subsection (a) of the statute specifies, "Every employer shall pay all wages due to the employees of the employer at least once during each calendar month, on regular paydays designated in advance by the employer." Plaintiff alleges that defendant failed to

pay "all wages due to the employees." Based on the plain language of the statute, a failure to pay "all wages due" would violate the statute.

Finally, defendant contends that plaintiff's theory is an impermissible attempt to bootstrap a KWPA claim onto an FLSA claim. More specifically, defendant asserts that misclassifying an employee as exempt does not state a claim under the KWPA. Defendant's argument may have some merit. Even though the KWPA claim is for allegedly unpaid straight-time wages and the FLSA claim is for overtime wages, there appears to be some inherent overlap in the claims if plaintiff's only KWPA claim is for misclassification.

Despite the possible overlap, defendant's argument does not convince the court that it should deny plaintiff's motion to amend. But once plaintiff amends his complaint, the court would consider this argument again in a subsequent motion to dismiss. The court's rejection of defendant's argument in the context of plaintiff's motion to amend is not definitive ruling on whether as a matter of law, plaintiff can bring a claim under the KWPA based solely on the misclassification of employees as exempt under the FLSA. Rather, the court would prefer more focused briefing and legal citation on this issue before ruling definitively. Plaintiff's motion for leave to file an amended complaint containing a claim under the KWPA is granted.

### **FLSA Claim**

Defendant asks the court to deny plaintiff leave to amend his FLSA claim because (1) plaintiff fails to allege that he and the putative class members are "similarly situated"; and (2) the scope of the proposed class is too broad. Defendant's arguments are more proper in response to a motion for conditional certification of a collective action. At this stage of the litigation, plaintiff's proposed allegations are sufficient. Plaintiff's proposed amendment is not futile, and the court grants plaintiff's motion for leave to amend his FLSA claim.

-3-

### **Motion to Dismiss**

Because the court allows plaintiff leave to file an amended complaint, defendant's motion to dismiss is denied without prejudice as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 22) is granted. Plaintiff must file his amended complaint on or before January 11, 2010.

**IT IS FURTHER ORDERED** that Defendant B/E Aerospace, Inc.'s Partial Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. 18) is denied without prejudice as moot.

**IT IS FURTHER ORDERED** that Defendant B/E Aerospace, Inc's Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion for Conditional Collective Certification and Class Certification (Doc. 30) is granted. Defendant has until February 5, 2010 to respond to plaintiff's motion.

Dated this 5th day of January 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**